*Porter*, for *appellants*.

*W. H. Botts*, for *appellee*.

---

HAPPY BRAKE ET AL. *v.* JACOB BRAKE'S ADM'R.

**Executors and Administrators—Sufficiency of Petition.**

An allegation in a petition that the estate of the decedent was indebted to the plaintiff in the sum of $—— does not state a cause of action, since if the petition be taken as confessed, a judgment for $—— would be no judgment at all.

**Executors and Administrators—Pleading—Description of Land.**

A petition to subject land of a decedent to the payment of his debts, which alleges that the deceased owned a tract of land in said county containing —— acres, is wholly insufficient for lack of description of the land.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

January 20, 1874.

OPINION BY JUDGE PETERS:

Appellee, in his petition, alleges that Jacob Brake died intestate in the county of Cumberland, and he was appointed his administrator by the proper tribunal; that decedent had no personal estate at his death, and no assets had ever come to appellee's hands; that intestate was at the time of his death indebted to appellee in the sum of $———, and was indebted to other persons unknown to him; that when he died he owned a tract of land in Cumberland County containing —— acres, the title papers to which is averred and filed with the petition, and the widow, Mrs. Happy Brake, and the children and heirs of decedent were made defendants, two of whom are under 21 years of age.

A guardian ad litem was appointed for the infants, and their answer was filed controverting the alleged indebtedness of decedent to appellee. The case was then referred to the master to ascertain and report the assets, if any, and the amount of debts. He reported a debt due to appellee of $95.05, and one to Frank of $11.25, and that there were no assets in the hands of the administrator to pay any part of said indebtedness; whereupon a judgment was rendered for a sale of the land mentioned and described in the petition, and exhibits filed to pay said debts and the costs of suit. The master reported a sale of the land; but that sale was excepted to by the defendants and the same set aside.

An answer was then filed by the adult heirs, in which they deny that appellee, at the time he qualified as administrator of the decedent, was his creditor, and alleged that said demand had been settled and satisfied by Mrs. Happy Brake before the institution of this suit, and the account had been receipted. They allege that the demand of Frank had also been satisfied, and that of Ryan was barred, and they plead the statute of limitations to it.

Appellee filed an amended petition after the foregoing answer was filed, in which he alleges that shortly after the death of his intestate, he did take the note of Mrs. Happy Brake in payment of his claim, with her promise and in expectation that she would be able to pay him; that by undertaking to pay him his debt she became in equity a creditor of the estate of her husband; that she had wholly failed to pay him; that she is insolvent and unable to pay the debt; and he therefore tenders to her the note she executed to him to be

cancelled, and asks to be substituted to her rights as creditor of the estate and for a sale of the land, etc.

The case was again referred to the master, who reported the principal of appellee's debt at $95.05, interest $48.47, Frank's debt $11.25 and the costs of the suit at about $65. To that report exceptions were filed, but they were overruled; and the court adjudged that a sufficiency of the tract of land owned by Jacob Brake at his death and upon which he had lived, be sold, to pay and discharge the debts and claims set up and described in said report, and directs his master to execute the judgment of sale. The land was sold and appellee became the purchaser; the sale was confirmed; and said judgments for the sale and confirming it are now complained of.

In the petition there is no direct averment by appellee that there was any sum due him. It is alleged that decedent owed him $———. If, therefore, the petition had been taken for confessed, no judgment could have been rendered on it. A judgment for blank dollars is no judgment at all. No cause of action was stated in the petition. Next it is alleged that decedent owned a tract of land in said county containing —— acres, or no acres; no other description is given of the land. It is alleged that the title papers are filed with the petition; but there are no title papers copied in the transcript before us, and the allegations fail to show that there is one foot of land anywhere subject to sale. How could the commissioner find the land by any description in the pleadings? And how would a purchaser know what land, or how much he was buying? Such uncertainties courts can not and must not indulge, and such pleadings can not be the foundation of a judgment.

But more fatal than all to the judgment is the fact that although the claim of appellee is denied by the infants, no evidence is offered to sustain it. Only two depositions are in the record, one of which conduces to prove that for the one visit that he knew appellee made to decedent's wife, decedent warned him he would not pay him, and the other proves the receipt for the debt exhibited by appellants is in the handwriting of appellee. He says the prices charged are such as are customary; but he does not prove that the services were rendered.

It is not improbable that appellee did apprehend that there might be some difficulty in subjecting the estate of his intestate to the payment of his claim, and he therefore accepted Mrs. Brake's note

for it. But be that as it may, the petition presents no cause of action; and if it did, there is not sufficient evidence to sustain it. Wherefore, the judgment is reversed and the cause is remanded with directions to dismiss the petition.

*Sandidge & Allen, Baker, for appellants.*

*Lewis & Boles, for appellees.*